## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| JHAMIE WALLACE,<br>　　　　　Appellant, | DOCKET NUMBER<br>SF-844E-20-0365-I-1 |
| v. | |
| OFFICE OF PERSONNEL<br>　MANAGEMENT,<br>　　　　　Agency. | DATE: July 25, 2024 |

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Jhamie Wallace</u>, Peoria, Arizona, pro se.

<u>Linnette Scott</u>, Washington, D.C., for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal.

### REMAND ORDER

The appellant has filed a petition for review of the initial decision, which dismissed for lack of jurisdiction her appeal of the Office of Personnel Management (OPM) reconsideration decision denying her application for disability retirement under the Federal Employees' Retirement System (FERS).

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

For the reasons discussed below, we GRANT the appellant's petition for review, VACATE the initial decision, and REMAND the case to the regional office for further adjudication in accordance with this Remand Order.

## BACKGROUND

On April 9, 2020, the appellant filed an appeal with the Board contesting her ineligibility for disability retirement under FERS. Initial Appeal File (IAF), Tab 1 at 3. The appellant indicated on her initial appeal form that she had received OPM's final decision on March 31, 2020; however, she did not provide a copy of the decision. *Id*. The appellant requested a hearing on the matter. *Id*. at 2.

The administrative judge issued an acknowledgment order wherein he ordered the agency to provide all documents material to the appeal. IAF, Tab 2 at 6-7, 9. The administrative judge explained that failure to comport with his order may result in sanctions pursuant to 5 C.F.R. § 1201.43. *Id*. at 1. The administrative judge also issued a jurisdictional order explaining that the Board's jurisdiction over retirement matters under FERS does not vest until OPM has issued a final decision, IAF, Tab 3 at 1, and he ordered the appellant to file evidence and argument as to why the Board has jurisdiction over the matter, *id*. at 1-2. The administrative judge also provided the agency an opportunity to respond to his order. *Id*. Neither party responded.

Thereafter, the administrative judge issued an order explaining that the agency had failed to respond to his initial acknowledgment order, IAF, Tab 4 at 1, and he ordered the agency to file a response within 7 days, *id*. The agency did not respond; instead, 14 days later, it filed a motion for a 30-day extension. IAF, Tab 5 at 4-6. The administrative judge denied this request, IAF, Tab 6 at 1-2, and he again ordered the agency to file a response to his acknowledgment order, *id*. at 2; however, the agency failed to respond.

Without holding the appellant's hearing, the administrative judge issued an initial decision dismissing the appeal for lack of jurisdiction. IAF, Tab 7, Initial Decision (ID) at 1-3. In so doing, he explained that, apart from a "single, conclusory allegation," the appellant had failed to present any evidence or argument that she had received a final decision from the agency. ID at 2.

The appellant has filed a petition for review. Petition for Review (PFR) File, Tab 1. OPM has not filed a response. In her petition for review, the appellant does not provide any argument; instead, she provides two copies of OPM's March 31, 2020 reconsideration decision denying her application for disability retirement under FERS. *Id*. at 4-15.

## DISCUSSION OF ARGUMENTS ON REVIEW

The Board's jurisdiction is limited to those matters over which it has been given jurisdiction by law, rule, or regulation. *Maddox v. Merit Systems Protection Board*, 759 F.2d 9, 10 (Fed. Cir. 1985). An appellant bears the burden of proving the Board's jurisdiction by preponderant evidence. 5 C.F.R. § 1201.56(b)(2)(i)(A). The Board generally has jurisdiction over the agency's determinations affecting an appellant's rights or interests under the retirement system only after OPM has issued a final decision, that is, a reconsideration decision, on the matter. *See McNeese v. Office of Personnel Management*, 61 M.S.P.R. 70, 73-74, *aff'd*, 40 F.3d 1250 (Fed. Cir. 1994) (Table). Board regulations require that any such appeal therefrom be filed no later than 30 days after the effective date, if any, of the action being appealed, or 30 days after the date of receipt of the agency's decision, whichever is later. 5 C.F.R. § 1201.22(b).

For the first time on review, the appellant provides a March 31, 2020 final decision letter from OPM. PFR File, Tab 1 at 4-15. In this letter, OPM upheld its initial decision to disallow the appellant's disability retirement application under FERS. *Id.* at 4, 10. The Board generally will not consider evidence

submitted for the first time on review absent a showing that it was unavailable before the record closed despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 214 (1980); 5 C.F.R. § 1201.115(d). Here, the appellant provides no explanation as to why she failed to submit this decision to the administrative judge.

Nevertheless, the Board has recognized that appeals involving an appellant's entitlement to retirement benefits are fundamentally different from other types of appeals within its jurisdiction. *Matson v. Office of Personnel Management*, 105 M.S.P.R. 547, ¶ 16 (2007); *Edney v. Office of Personnel Management*, 79 M.S.P.R. 60, ¶ 6 (1998) (explaining that, unlike the competing interests of agency management and employee rights involved in a disciplinary appeal, there is only one primary interest involved in a retirement appeal, that of the applicant's entitlement under law to a benefit). Here, the documents submitted on review suggest that the appellant timely appealed OPM's final decision pertaining to her eligibility for disability retirement under FERS to the Board. IAF, Tab 1; PFR File, Tab 1 at 4, 10; 5 C.F.R. § 1201.22(b). Despite her timely appeal, OPM failed to comply with multiple orders to submit documents material to the matter. IAF, Tab 2 at 6-7, 9, Tab 4 at 1, Tab 6 at 2. Moreover, as noted, OPM did not respond to the appellant's petition for review. In these circumstances, we find it appropriate to remand this appeal for further adjudication based on the evidence provided with the appellant's petition for review.[2] *See* 5 C.F.R. § 1201.115(e).

---

[2] OPM's reconsideration decision contains a slight naming discrepancy, i.e., the decision lists the surname "WALLACE HANNA" in lieu of merely "Wallace." *Compare* PFR File, Tab 1 at 4, 10, *with* IAF, Tab 1 at 1. The administrative judge should resolve this discrepancy on remand.

## ORDER

For the reasons discussed above, we remand this case to the regional office for further adjudication in accordance with this Remand Order.

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                  Gina K. Grippando
                                  Clerk of the Board
Washington, D.C.